UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| Nathaniel Glenn, | ) | C/A: |
| | ) | |
| Plaintiff | ) | |
| | ) | COMPLAINT |
| v | ) | (42 U.S.C. § 1983) |
| | ) | (Jury Trial Demanded) |
| Warden Leroy Cartledge, Associate Warden Scott Lewis, Associate Warden James Parker, Major Frank Mursier, Lt. Valorie Aikens, Lynn Merriweather, and Jeff Bentley | ) ) ) ) ) ) | |
| Defendants | | |

Plaintiff named herein, complaining of Defendants herein, would respectfully show unto this Honorable Court and allege as follows:

## JURISDICTION

1. This action is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Eighth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§ 1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3. The Plaintiff is a citizen and resident of County of Lee, State of South Carolina, and is currently an inmate in the South Carolina Department of Corrections, presently located at the Lee Correctional Institution.

4.   At all times mentioned in the Complaint, the Defendants Warden Leroy Cartledge, Associate Warden Scott Lewis, Associate Warden James Parker, Major Frank Mursier, Lt. Valorie Aikens and Jeff Bentley were supervisors, administrators, and/or employees of SCDC who supervised other employees at the McCormick Correctional Institution. At all relevant times hereinafter mentioned these Defendants were acting individually as employees and/or administrators of SCDC. For purposes of claims asserted under 42 U.S.C. § 1983, these Defendants are being sued in their individual capacity, under the color of state law. Upon information and belief, these Defendants had direct contact with the Plaintiff, had direct knowledge of the unsafe conditions present during the time period in question, had direct knowledge of the substantial risk of serious harm to the Plaintiff, or supervised other Defendants who had direct knowledge of the above.

5.   During the time period in question, the Plaintiff's Constitutional rights were well established and well known to each of the Defendants listed above, including and not limited to, the Plaintiff's right to be free from cruel and unusual punishment. Additionally, these Defendants had actual and/or constructive knowledge that they and their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of Constitutional injury to the Plaintiff. Further, the response of these Defendants to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offenses by them as alleged herein; and there was a causal link between their actions and/or inactions and the Constitutional injury suffered by the Plaintiff.

6.   Upon information and belief, the Defendant Lynn Merriweather was at all times relevant herein, were acting individually as an agent, servant and/or employee of SCDC working

at the McCormick Correctional Institution. For purposes of the claims asserted under 42 U.S.C. § 1983, this Defendant is being sued in her individual capacity under the Color of State Law.

7. Upon information and belief (during the time periods set out below), these Defendants were security personnel who had direct contact with the Plaintiff and/or had direct knowledge of the substantial risk to the Plaintiff's safety and health. These Defendants had the obligation and opportunity to protect the Plaintiff from physical harm. Additionally, during the time period in question, the Plaintiff's constitutional rights were well established and well known to each of the Defendants listed above. This would include, and not be limited to, the Plaintiff's right to be free from cruel and unusual punishment. These Defendants were deliberately indifferent to the safety of the Plaintiff by knowingly exposing the Plaintiff to a substantial risk to his physical safety. A more detailed description of their contact with the Plaintiff and knowledge of the substantial risks are set out below.

8. The allegations set forth in this Complaint occurred in McCormick County; therefore, venue is proper in this Division.

## FACTS

9. Prison officials a have federal constitutional duty (under the 8th Amendment) to protect inmates from violence at the hands of other prisoners. In this case the Plaintiff is informed and believes that (a) prison administrators (Cartledge, Lewis, Parker, Mursier, Aikens and Bentley) knew that the Plaintiff was exposed to a substantial risk of serious harm to his physical safety; (b) these Defendants consciously failed to take reasonable measures to abate the risk; and (c) the Plaintiff suffered serious injuries as a direct result thereof.

10. On or about the year 2010, the Plaintiff was placed in the care and custody of McCormick Correctional Institution – which is part of the South Carolina Department of

Corrections. He remained in the McCormick Correctional Institution until November 22, 2010 when he was transferred to Broad River Correctional Institution. Plaintiff is currently incarcerated at the Lee Correctional Institution.

11. Upon information and belief, McCormick Correctional Institution is classified as a level three (3) correctional institution denoting that it is a maximum security facility. Additionally, it has had a long history of overcrowding and failure to provide adequate security and supervision over the inmates located at the facility. Specifically, just prior to and during the time period in question, (Defendants Cartledge, Lewis, Parker, Mursier, Aikens and Bentley) consciously failed to provide the adequate and/or proper number of adequately trained security personnel at numerous locations throughout the facility. Further, these Defendants knew or should have known that their conscious failure to provide adequate security measures would result in unsafe conditions for the inmate population – to include the Plaintiff.

12. Upon information and belief, the Defendants were well aware of the existence of competing gangs within its facility and, equally aware of the potential for outbreaks of violence within the inmate population when left unsupervised at McCormick Correctional. These Defendants were well aware that its F-4 unit housed the most violent offenders and/or gang members.

13. Prior to the incidents in question, it was well known to all Defendants that a large percentage of its inmate population at McCormick Correctional Institution carried and/or had access to weapons, including shanks, to inflict physical harm.

14. In June of 2010 a violent physical altercation broke out between competing inmate gang members. The altercation occurred in a completely unsupervised area of McCormick Correctional Institution. During this altercation, multiple inmates were stabbed and

severely injured. Shortly thereafter, additional inmates (including Frank Tolen and Kareem Leaphart) were violently attacked and stabbed by the same gang members involved in the initial incident. At this time SCDC investigator Jeff Bentley conducted an investigation into this matter. His investigation revealed the names of the offenders as well as the fact that the incident occurred in an area that was typically unsupervised. The results of the investigation were relayed to the Defendants Cartledge, Lewis, Parker, Mursier and Aikens. Further, at this time the Defendants consciously failed to take any action against the offenders of these incidents, and in fact, knowingly allowed these inmates to remain unsecured and unsegregated in the general population at McCormick Correctional Institution. Further, these Defendants knew that these actions or inactions exposed the Plaintiff to a substantial risk of harm.

15.  The above mentioned actions are part of the allegations contained in two (2) separated Federal lawsuits entitled *Kareem Leaphart vs. Warden Leroy Cartledge, Associate Warden Scott Lewis, Associate Warden James Parker, Charlie Moss, Alvochino Reid, Lt. Howard Harrison, and Frank Mursier* C/A No.: 1:13-cv-01564-DCN-SVH, and *Frank Tolen vs. Warden Leroy Cartledge, Associate Warden Scott Lewis, Associate Warden James Parker, Charlie Moss, Alvochino Reid, Lt. Howard Harrison, and Frank Mursier* C/A No.: 1-13-cv-01565-DCN-SVH.

16.  Furthermore, Plaintiff is informed and believes that prior to the incident in question investigations conducted by SCDC investigator Jeff Bentley revealed that repeated violent outbreaks occurred in McCormick's population (including the same inmates involved in the June 2010 incidents) as well as the fact that appropriate security personnel were not on site at the times of these incidents. The incident reports created by these events as well as the reports created by the investigations performed were well known to these Defendants (Cartledge, Lewis,

Parker, Mursier, Aikens and Bentley) – thus giving them even more knowledge of the potentially dangerous risk of harm to the inmates located in the units – to include the Plaintiff.

17. Instead of assigning more properly trained correctional officers and/or segregating known violent gang members associated in specific incidents, the administrator Defendants Cartledge, Lewis, Parker, Mursier and Aikens consciously and deliberately allowed the substantial danger to continue - with no regard to the safety of the inmates (including the Plaintiff). In fact, these Defendants consciously failed to take even the slightest measures to alleviate the risk of harm to the Plaintiff.

18. Prior to November of 2010 the Plaintiff filled out and filed with SCDC administrators (Cartledge, Lewis, Parker, Mursier and Aikens) numerous written requests asking to be moved out of the F-4 dorm because of the ongoing repeated gang violence and the overall lack of security. All of the Plaintiff's requests were either ignored or denied. These actions and/or inactions further exposed the Plaintiff to a substantial risk of harm.

19. On or about November 18, 2010, while in the F-4 Unit, the Plaintiff was violently attacked without provocation by several inmates, including the same inmates who were involved in the June 2010 stabbings. During this time correctional officer Lynn Merriweather was the correctional officer assigned to this unit. During the time period in question the Defendant Merriweather was not in the unit as required by SCDC policy and procedure. Further, correctional officer Defendant Merriweather consciously failed to protect the Plaintiff from danger – armed with the knowledge that this unit housed dangerous inmates which had been involved in numerous violent attacks. At the time of this attack the fact that there were no correctional officers located in the F-4 Unit – were facts which were well known to all Defendants.

20. As a result of the above, the Plaintiff was airlifted to MCG Health in Augusta, GA, where he remained for approximately five (5) days. During this time, the Plaintiff was treated for approximately twenty (20) stab wounds and underwent surgery for approximately eight (8) hours.

21. As a direct result of the above physical violence (he incurred while being in the unit without security), the Plaintiff suffered both mentally and physically to include permanent scarring, permanent impairment and permanent disability.

22. During this period of time the Defendants Cartledge, Lewis, Parker, Mursier and Aikens in their capacity as Wardens, Assistant Wardens, Majors and/or Lieutenants (whose primary duties were to ensure the health and safety of the inmates located at McCormick Correctional) failed to protect the Plaintiff from an obviously dangerous environment which was created by the security personnel and sanctioned by them.

23. Additionally, the Defendants had a Federal Constitutional duty to protect inmates from violence at the hands of other persons when they knew or should have known that certain conditions presented a substantial safety risk. At all times relevant, the Defendants were not only on site at the facility, but they were well aware that the F-4 Unit had little or no supervision and housed inmates who had been involved in multiple violent attacks. They were also well aware that this created a highly dangerous situation for all inmates located in that area. Even though they had the opportunity and obligation, they consciously failed to take any steps to ensure the Plaintiff's safety, despite possessing present and full knowledge of the numerous violent inmates on inmate attacks made by many of its residents.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**
**(8TH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT)**

24. Each and every allegation of fact contained in the Paragraphs above is re-alleged herein, as if re-stated verbatim.

25. The Defendants were acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as correctional officers and/or supervisors who had certain duties imposed upon them with regard to the Plaintiff. Additionally, during the time period in question, the Defendants were well aware of the Plaintiff's constitutional rights, including his right to be free from cruel and unusual punishment.

26. The Defendants were consciously and deliberately indifferent to the Plaintiff and acted in egregious and arbitrary conduct during the time period mentioned in the facts in the following particulars:

   (a) in consciously and deliberately allowing gross overcrowding at the McCormick Correctional Institution;

   (b) in consciously and deliberately failing to provide the appropriate number of correctional staff at the various locations in McCormick Correctional Institution (to include the F-4 Unit);

   (c) in consciously and deliberately failing to provide adequate and appropriate security officers at the McCormick Correctional Institution including the F-4 Unit;

   (d) in consciously and deliberately failing to properly monitor the inmates (mainly the Plaintiff) at the McCormick Correctional Institution including the F-4 Unit;

   (e) in consciously and deliberately failing to protect the Plaintiff from an assault;

(f) in consciously and deliberately failing to properly supervise the employees so as to ensure the safety of the inmates located at the McCormick Correctional Institution;

(g) in consciously and deliberately failing to protect the Plaintiff from serious harm;

(h) in consciously and deliberately failing to provide any level of security in F-4 Unit of the McCormick Correctional Institution after multiple events indicated danger;

(i) in consciously and deliberately failing to recognize a clearly dangerous situation after multiple events providing notice;

(j) in consciously and deliberately failing to take any action to prevent inmates from becoming severely injured after multiple events providing notice of danger;

(k) in consciously and deliberately failing to properly investigate violent incidents which occurred at the McCormick Correctional Institution;

(l) in consciously and deliberately failing to adhere to the policies and procedures of SCDC;

(m) in being consciously and deliberately indifferent to the Plaintiff's health and safety; and

(n) in being consciously and deliberately indifferent to the Plaintiff's health and safety after having knowledge of the dangerous condition and failing to take reasonable measures to prevent it from occurring.

27. As a direct and proximate result of the Defendants' acts of conscious and deliberate indifference, jointly, severally, and in combination thereof, the Plaintiff suffered, and continues to suffer, deprivation of his rights secured by the Eighth Amendment to the <u>United States Constitution</u>.

28. As a result, the Plaintiff suffered, and continues to suffer, conscious pain, mental and physical suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff will likely suffer from the effects of the Defendants' actions now and in the future, and Plaintiff demands actual, consequential, and punitive damages from the Defendants.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. § 1983**
**(14TH AMENDMENT – DUE PROCESS VIOLATION)**

29. Each and every allegation of fact contained in the Paragraphs above is re-alleged herein, as if re-stated verbatim.

30. The Defendants were acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as correctional officers and/or supervisors who had certain duties imposed upon them with regard to the Plaintiff. Additionally, during the time period in question, the Defendants were well aware of the Plaintiff's constitutional rights, including his right to due process.

31. The Defendants were consciously and deliberately indifferent to the Plaintiff and acted in egregious and arbitrary conduct during the time period mentioned in the facts in the following particulars:

    (a) in consciously and deliberately allowing gross overcrowding at the McCormick Correctional Institution;

    (b) in consciously and deliberately failing to provide the appropriate number of correctional staff at the various locations in McCormick Correctional Institution (to include the F-4 Unit);

(c) in consciously and deliberately failing to provide adequate and appropriate security officers at the McCormick Correctional Institution including the F-4 Unit;

(d) in consciously and deliberately failing to properly monitor the inmates (mainly the Plaintiff) at the McCormick Correctional Institution including the F-4 Unit;

(e) in consciously and deliberately failing to protect the Plaintiff from an assault;

(f) in consciously and deliberately failing to properly supervise the employees so as to ensure the safety of the inmates located at the McCormick Correctional Institution;

(g) in consciously and deliberately failing to protect the Plaintiff from serious harm;

(h) in consciously and deliberately failing to provide any level of security in F-4 Unit of the McCormick Correctional Institution after multiple events indicated danger;

(i) in consciously and deliberately failing to recognize a clearly dangerous situation after multiple events providing notice;

(j) in consciously and deliberately failing to take any action to prevent inmates from becoming severely injured after multiple events providing notice of danger;

(k) in consciously and deliberately failing to properly investigate violent incidents which occurred at the McCormick Correctional Institution;

(l) in consciously and deliberately failing to adhere to the policies and procedures of SCDC;

(m) in being consciously and deliberately indifferent to the Plaintiff's health and safety;

(n) in being consciously and deliberately indifferent to the Plaintiff's health and safety after having knowledge of the dangerous condition and failing to take reasonable measures to prevent it from occurring;

(o) in consciously failing to properly classify the Plaintiff;

(p) in consciously failing to house the Plaintiff in a proper unit;

(q) in consciously failing to transfer and/or relocate the Plaintiff after reasonable requests were made;

(r) in intentionally housing the Plaintiff in a dangerous location;

(s) in intentionally housing the Plaintiff in a location which exposed him to a substantial risk of harm; and

(t) in consciously failing to comply with the Plaintiff's request to be transferred without due process.

32. As a direct and proximate result of the Defendants' acts of conscious and deliberate indifference, jointly, severally, and in combination thereof, the Plaintiff suffered, and continues to suffer, deprivation of his rights secured by the Fourteenth Amendment to the <u>United States Constitution</u>.

33. As a result, the Plaintiff suffered, and continues to suffer, conscious pain, mental and physical suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff will likely suffer from the effects of the Defendants' actions now and in the future, and Plaintiff demands actual, consequential, and punitive damages from the Defendants.

WHEREFORE, the Plaintiff prays judgment against the Defendants, both jointly and severely, for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, to be determined by a competent jury and for reasonable attorney's fees and the costs of this action.

                        _s/ C. Carter Elliott, Jr._
                        C. Carter Elliott, Jr.
                        U.S.D.C. Bar #: 5423
                        Elliott & Phelan, LLC
                        17 ½ Screven Street
                        P.O. Box 1405
                        Georgetown, SC  29442
                        (843) 546-0650 (phone)
                        (843) 546-1920 (fax)
                        carter@elliottphelanlaw.com

November 15, 2013
Georgetown, South Carolina